COURT OF APPEALS NO. 03-15-00470-CR
TRIAL COURT CASE NO. DIDC-14-205206

PATRICK HEANEY
Appellant

V.

THE STATE OF TEXAS
Appellee

§ IN THE COURT OF APPEALS
§ Third District
§ In Austin

RECEIVED
NOV 30 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

FILED
Texas
November 30, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

MOTION FOR

## REHEARING ON CLERKS RECORD

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, Patrick Heaney, Appellant pro se in the above-styled and numbered cause of action and files this Motion For Rehearing on Clerk's record. The trial court clerk sent Appellant incomplete record on August 3, 2015; And all of the documents specified by TEX. R. App. P. 34.5(a) were not included. Appellant will show his due diligence to obtain complete Appellant record as stated in the TEX. R. App. P. 34.5 (c)(1) in his Request(s) to the trial court clerk on August 14th 2015 and again on September 24th 2015 in order to obtain omitted items that are relevant to the record needed to perfect Appellant's Appeal. Appellant Also wrote the clerk of this court on September 25th, 2015 pursuant to TEX. R. App. P. 34.5(d) and stated that the trial court's one-volume clerk's record is inaccurate. According to TEX. R. App. P. 34.5(6) REQUEST FOR ADDITIONAL ITEMS 4) ... An Appellate court must not refuse to file the clerk's record or a supplemental clerk's record because of a failure to timely request items to be included in the clerk's record; And would show the court the following:

### I.

Appellant, Patrick Heaney, #1987843 is currently incarcerated in the Texas Department of Criminal Justice located at Dominguez Unit, 6535 Cagnon Rd., San Antonio, Texas 78252. Appellant is indigent and has been previously been found indigent by this court on the same matter. Appellant

is appealing his conviction and requests the Court to furnish the complete appellate record to adequately defend his self. As a matter of Constitutional Equal Protection an indigent criminal defendant is entitled to free transcripts of prior proceedings when that transcript is needed for an effective defense or appeal. <u>Britt v. North Carolina</u> 404 U.S. 226,227

## II.

Appellant contends that cause no. DIDC-14-301810 which was dismissed at the same time judgement was rendered in the above styled and numbered cause on appeal is 'factually related' or 'inextricably intertwined with' the particular crime set forth in the case at hand. Therefore, Appellant requests the documents in cause no. DIDC-14-301810 as specified by <u>Tex. R. App. P. 34.5(a)</u> to be included in appellate record. The duty of the State under Texas law is to assure the indigent defendant an adequate opportunity to present at least once a complete review of all his claims of reversible error in the context of the states appellate process.

## III.

Appellant has written the Travis County Court Clerk, as directed by this Court under <u>Tex. R. App. P. 34.5(h)</u> The clerk may consult with the parties concerning the contents of the clerk's record. I recieved no response from Velva Price, District Court clerk on the letters/requests I wrote on August 14, 2015 and September 24th, 2015 requesting supplementation to the 1- volume clerk's record that was sent to Appellant on August 3rd, 2015. Pursuant to <u>Tex. R. App. P. 34.5(c)(1)</u> If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item. Appellant wrote the trial court clerk within 14 days of recieving his acceptance of his <u>NOTICE OF APPEAL</u> and from recieving the inaccurate 1- volume clerk's record.

## IV.

On September 25th, 2015 Appellant wrote The Honorable Jeffrey D. Kyle of This Court pursuant to Tex.R.App.P. 34.5(d) a request to inform the trial court clerk that the 1-volume clerk's record is inaccurate and the appellate clerk must inform the trial court clerk of the defect or inaccuracy (which was listed in the letter) and instruct the clerk to make the correction. Appellant sought help through this rule since the trial court clerk would not respond to Appellant's requests. At the time of this Request Appellant's inquiries were not deemed 'Moot', therefore, he does not understand why his motion for Clerk's/ Reporter Record is now deemed 'Moot' when appellant used his due diligence in order to correct the inaccuracies by the Rules of This Court.

## V.

The Clerk's certificate was inaccurate due to omitted items; all the documents specified by Tex.R.App.P. 34.5(a) were not included in the (one) 1-volume record sent to Appellant on August 3, 2015. Tex.R.App.P. 34.5(a)(2) states in criminal cases, The indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and cases in which a plea of guilty or Nolo contendere has been entered, any documents executed for the plea; The foregoing states any "defense motions that was presented to the court and overruled" The basis of Appellant's appeal are the following items that the court clerk omitted from the record and is refusing to add or supplement to the record: ① Letter to Judge Brenda Kennedy (filed with the court on 10-14-14) ② Motion to Dismiss Appointed Counsel and ③ Motion to GRANT ACCESS TO COURTS-Law Library The foregoing items ARE PART OF THE RECORD and the reason Appellant was granted the right to appeal pursuant to Tex.R. App. P. 25.2(a)(2)(A) and was stated in Appellant's NOTICE OF APPEAL filed on July 27. 2015 under I. (1) defendant filed a pro se MOTION TO DISMISS APPOINTED COUNSEL on the

28ᵗʰ day of October, 2014 which was not dilatory. And stated again in NOTICE OF APPEAL under I-(2), and MOTION to GRANT ACCESS TO COURTS was under I.(4). Futhermore, under what was required of the court clerk under Tex. R. App. P. 34.5(b) "... Any documents executed for the plea;" Appellant contends that the DISMISSAL FORMS are documents executed for the plea and those forms on cause no.(s) DIDC-14-301810, & DIDC-14-900226, & DIDC-14-900227 should have been included in the 1-volume clerk's record as stated by the above Rule but was omitted making the record inaccurate. Appellant did every thing in his power as a pro se litigant to have the record corrected through letters to the clerk (2) reporter (2) the judge (1) the clerk of this court (1) and through MOTIONS TO THIS COURT (2) I hope the court keeps in mind that appellant is a NON-lawyer and is experienced in drafting of briefs, motions, and petitions of law in general. And Therefore, pursuant to Haines v. Kerner 92. S.ct. 594, 595 (1972) entitled to a less stringent standard than that of by a legal professional; which appellant requested in his NOTICE OF APPEAL but request was not granted.

## VI.

Appellant maintains that he is entitled to all requests made to the trial court clerk pursuant to Tex. R. App. P. 34.5 (c)(1) in order to perfect his appeal.

WHEREFORE PREMISES CONSIDERED, the appellant prays that the court GRANT this MOTION FOR REHEARING OF CLERK'S RECORD due to appellant's due diligence in his effort to correct the clerk's record, his supplementation request under Tex. R. App. P. 34.5 (c)(1) was according to the Rules and should not be deemed 'MOOT'. Appellant prays that this Court have the trial court clerk include appellant's pro se motion(s) in the record along with all other requested items on the above styled and numbered cause; and find that the dismissed cause(s) are 'factually related' and need to be part of the record. Since appellant is indigent order the reporter in this case to transcribe the proceedings And for her to be paid from the Travis County General Funds, is the amount set by the trial court. Tex. R. App. P. 20.2

## UNSWORN DECLARATION

I, Patrick Heaney, #1987843 being presently incarcerated in the Texas Department of Criminal Justice at the Dominguez Unit in Bexar County Texas, verify and declare under penalty of Perjury that the foregoing is TRUE and CORRECT.

Executed on this __20__ day of __NOVEMBER__ in the year 2015.

_Patrick Heaney_
Declarant

---

## ORDER

On this the _____ day of _____ 2015, came to be heard the appellant's MOTION FOR REHEARING ON CLERK'S RECORD and after due consideration of the same it is, ORDERED That this motion should be:

__ GRANTED           /           __ DENIED


_____
Justice Presiding

The Honorable Jeffery D. Kyle                    November 20th, 2015
Court of Appeals, Clerk

Dear Mr. Kyle,                        RE: 03-15-00470-CR

   Enclosed, please find Appellant's pro se Motion
FOR REHEARING ON CLERK'S RECORD. Please file
this motion and bring it to the attention of the
Court.

   Please e-mail a copy of this Motion to the
Honorable Rosemary Lehmberg, Travis County
District Attorney.

   I also request that you notify me of the
court's ruling on my motion.


                         Sincerely,

                         Patrick Heavey   Appellant pro se

                         Patrick Heavey  # 1981843
                         Dominguez Unit
                         6535 Cagnon Rd.
                         San Antonio, TX 78252

RECEIVED
NOV 3 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Patrick Heavey * 1987843
Dowinguez Unit
6535 Cagnon Rd
San Antonio, Tx. 78252

Legal Mail

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
23 NOV 2015 PM 1 L

The Honorable Jolfay D. Kyle
Third Court of Appeals
P.O. Box 12547
Austin, Tx. 78711 - 2547

78711-2547847